SO ORDERED: March 14, 2017.



James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| In re: | : | |
|---|---|---|
| | : | |
| Danny Joe Welch | : | Case No.: 16-07211 - JMC |
| | : | Chapter 7 |
| Debtor. | : | Judge James M. Carr |
| | : | * * * * * * * * * * * * * * * * * * * * |
| | : | |

### ORDER ON CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY AND NOTICE OF OBJECTION DEADLINE WITH 30-DAY WAIVER (FIRST MORTGAGE)

For good cause shown, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, its successor and assigns (hereinafter "Creditor")'s Motion for Relief from Automatic Stay and Abandonment of Property is hereby granted.

Creditor filed a motion that requested the Trustee be ordered to abandon his interest in the real property located at 3750 S State Road 446, Bloomington, IN 47401 pursuant to 11 U.S.C. § 554. The original Note and Mortgage show the property address for the property in question as 3750 S. State Road 446, Bloomington, Indiana. However, since the time the original Note and Mortgage were entered into, the county the property is located in changed the street

1

names and addresses on S. State Road 446. The address is now 3802 S. Knightridge Road, Bloomington, Indiana. The legal description for the property however remains the same.

The objection deadline has passed, and the Trustee has not filed a written objection to the taking of the proposed action.

Therefore, it is ORDERED that the Trustee abandon his interest in the real property pursuant to 11 U.S.C. § 554.

Creditor's motion also requested relief pursuant to 11 U.S.C. § 362 so that it could accelerate the debt owed by Debtor herein and foreclose its mortgage on real property located at 3750 S State Road 446, Bloomington, IN 47401 (hereinafter "Real Estate"), and otherwise pursue Creditor's contractual and state law remedies.

The objection deadline has passed, and the Debtor has not timely filed a written objection to the taking of the proposed action.

Therefore, pursuant to 11 U.S.C. § 362, it is ORDERED that the stay that issued in this action is terminated with respect to Creditor, its successors and assigns, and that the fourteen (14) day stay of the order imposed by Bankruptcy Rule 4001(a)(3) is waived.

Creditor is hereby permitted to take any and all actions necessary to accelerate the balance due on the obligation, to foreclose its mortgage, to sell the collateral in accordance with state law, to apply the net proceeds to this obligation, and to otherwise exercise its contractual and state law rights as to the Real Property.

**SO ORDERED.**

###

2